E-FILED
Wednesday, 08 March, 2017 09:29:38 AM
Clerk, U.S. District Court, ILCD

UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS

| | |
|---|---|
| BILLY R. WOODARD, SR., | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) 17-CV-3062 |
| | ) |
| JUDGE CAVANAGH, | ) |
| SANGAMON COUNTY, | ) |
| SEVENTH JDISTRICT JUDICIAL | ) |
| HEAD, STATE'S ATTORNEY, | ) |
| SHERIFF DEPUTY, and | ) |
| JOHN DOE, | ) |
| et al. | ) |
| | ) |
| Defendants. | ) |

## MERIT REVIEW OPINION

Plaintiff filed this case pro se from Menard Correctional Center. The case is before the Court for a merit review pursuant to 28 U.S.C. § 1915A.[1] This statute requires the Court to review a complaint filed by a prisoner to identify the cognizable claims and to dismiss part or all of the complaint if no claim is stated.

---

[1] A prisoner who has had three prior actions dismissed for failure to state a claim or as frivolous or malicious can no longer proceed in forma pauperis (without prepaying the filing fee in full) unless the prisoner is under "imminent danger of serious physical injury." 28 U.S.C. § 1915(g).

In reviewing the Complaint, the Court accepts the factual allegations as true, liberally construing them in Plaintiff's favor. Turley v. Rednour, 729 F.3d 645, 649 (7th Cir. 2013). However, conclusory statements and labels are insufficient. Enough facts must be provided to "'state a claim for relief that is plausible on its face.'" Alexander v. U.S., 721 F.3d 418, 422 (7th Cir. 2013)(quoted cite omitted).

Plaintiff alleges that he was scheduled for release from Pontiac Correctional Center on November 22, 2013, but he was arrested on a warrant that day in regards to a criminal charge filed against him in 2011 in Sangamon County, 11-CF-796 (aggravated battery). Plaintiff's attorney moved to dismiss case 11-CF-796 based on speedy trial violations, but Judge Cavanagh denied the motion on December 13, 2013, and Plaintiff remained detained. Judge Cavanagh also allegedly wrongfully held Plaintiff in contempt. On March 25, 2015, Judge Cavanagh granted the defense counsel's motion for reconsideration and dismissed the case. A little over one month later, Plaintiff was arrested on another criminal charge (armed habitual criminal), and is now serving a sentence on that charge.

Plaintiff seeks damages for the time he spent incarcerated before Judge Cavanagh reconsidered his decision and dismissed the 2011 case. Judge Cavanagh and the State's Attorney are immune from damages for claims arising from their actions taken in court. Imbler v. Pachtman, 424 U.S. 409, 431 (1976)("[I]n initiating a prosecution and in presenting the State's case, the prosecutor is immune from a civil suit for damages under section 1983."); Polzin v. Gage, 636 F.3d 834, 838 (7th Cir. 2011)( "A judge has absolute immunity for any judicial actions unless the judge acted in the absence of all jurisdiction."). The Sheriff does not violate the Constitution by arresting and holding Plaintiff pursuant to a valid warrant, an action which, in any event, occurred in 2013. Brunson v. Murray, 843 F.3d 698, 708 (7th Cir. 2016)("A police officer who receives a facially valid arrest warrant is ordinarily expected to act upon it, not to second-guess the court's decision to issue it."). Any claim based on the 2013 arrest would be barred by the statute of limitations. Bryant v. City of Chicago, 746 F.3d 239, 241 (7th Cir. 2014)(In Illinois, § 1983 actions are subject to the two-year statute of limitations in 735 ILCS 5/13-202). Additionally, the Judicial

Inquiry Board does not violate any federal right by failing to take disciplinary action against Judge Cavanagh.

**IT IS ORDERED:**

1) Plaintiff's complaint is dismissed pursuant to 28 U.S.C. § 1915A for failing to state a claim and for seeking monetary relief from a defendant who is immune from such relief. Any amendment to the Complaint would be futile because Judge Cavanagh cannot be sued in a civil lawsuit for his judicial decisions.

2) This case is closed. The clerk is directed to enter a judgment pursuant to Fed. R. Civ. P. 58.

3) This dismissal shall count as one of the plaintiff's three allotted "strikes" pursuant to 28 U.S.C. Section 1915(g).

4) Plaintiff must still pay the full filing fee of $350 even though his case has been dismissed. The agency having custody of Plaintiff shall continue to make monthly payments to the Clerk of Court, as directed in the Court's prior order.

5) If Plaintiff wishes to appeal this dismissal, he must file a notice of appeal with this Court within 30 days of the entry of

judgment. Fed. R. App. P. 4(a). A motion for leave to appeal in forma pauperis should set forth the issues Plaintiff plans to present on appeal. See Fed. R. App. P. 24(a)(1)(C). If Plaintiff does choose to appeal, he will be liable for the $505 appellate filing fee irrespective of the outcome of the appeal.

6) **The clerk is directed to record Plaintiff's strike in the three-strike log.**

7) **After receiving Plaintiff's trust fund ledgers, the clerk is directed to grant Plaintiff's petition to proceed in forma pauperis for the purpose of allowing Plaintiff to pay the filing fee in installments.**

ENTERED: March 8, 2017

FOR THE COURT:

_____s/Sue E. Myerscough_____
SUE E. MYERSCOUGH
UNITED STATES DISTRICT JUDGE
